FILED
2008 Sep-19 PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| Patrick J. McKee, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 5:07-CV-01508-LSC |
| | ] |
| MICHAEL J. ASTRUE, | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

**MEMORANDUM OF OPINION**

I.   Introduction.

The Plaintiff,[1] Patrick J. McKee, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. McKee timely pursued and

---

[1]Plaintiff's counsel shall submit, in all future electronic submissions to this Court, only *clean* PDF documents that are free from watermark advertisements. The "DocuCom PDF Trial" watermark stamp across the entire length of every page of Plaintiff's brief was not only distracting, but, in some instances, rendered the actual text almost illegible.

exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

### A. Facts

Mr. McKee was forty-six years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a high school GED equivalency. (Tr. at 187.) His past work experiences include employment as an automobile salesman and sales manager at an auto dealership. (Tr. at 70.) Mr. McKee claims that he became disabled on December 31, 2002 due to herniated discs, lower back pain, chronic pain, and nerve damage. (Tr. at 174.)

The record indicates that Mr. McKee underwent a laminectomy and fusion on February 4, 2003. (Tr. at 14.) Medical records indicate that Mr. McKee experienced persistent right leg pain after surgery, and the surgeon recommended hardware removal if the symptoms persisted. (Tr. at 15.) In July 2003, Plaintiff reported continued pain and that he wished to proceed with the removal surgery, which was scheduled for the end of August 2003. (*Id.*) On August 19, Plaintiff called and rescheduled the surgery for September 17, and then later rescheduled for October 15. (*Id.*) On October

13, Plaintiff left a voicemail message canceling the surgery. (*Id.*) Treatment records from this period show that on May 30, 2003, the plaintiff reported good relief from pain, and he reported one month later that "had gotten his life back together." (*Id.*) Nevertheless, he reported increased back spasms on August 28, 2003, and presented to the emergency room complaining of leg pain. (*Id.*) Nothing further followed until December 8, 2006, when Plaintiff reported to Dr. Prem Gulati, who determined the Plaintiff had chronic low back pain, status post lumbar fusion, and status post lumbar radicular pain. (*Id.*) Dr. Gulati completed a Physical Medical Source Opinion ("PMSO") on December 8, 2006, where he determined that Plaintiff could not stand for more than thirty minutes at a time, or more than two-and-a-half to three hours in an eight hour day. (*Id.*) He also determined Plaintiff could carry ten pounds frequently and twenty pounds occasionally, that he was restricted from climbing and balancing, could occasionally stoop or push with his left leg, and was restricted from working in extreme cold or around vibrations. (Tr. at 15-16.) This PMSO, however, was based on the Plaintiff's personal perceptions and not on objective findings. (*Id.*)

Additionally, despite the lack of any previous evidence of psychological problems, Mr. McKee complained of being very depressed due to pain and loss of physical abilities, and a psychological evaluation was performed on December 12, 2006. (Tr. at 16.) The diagnosis revealed mild to moderate cognitive impairment, with mild impairment defined as imposing no greater than a slight or normal limitation, and moderate impairment defined as an impairment that affects but does not preclude ability to function. (*Id.*)

B.   Disability Evaluation

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. (*Id.*) If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These

impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. (*Id.*) The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).[2] If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do

---

[2]Opinions rendered by the Fifth Circuit prior to October 1, 1981 are considered binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

his or her past relevant work, the claimant is not disabled and the evaluation stops. (*Id.*) If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. (*Id.*) Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. (*Id.*)

Applying the sequential evaluation process, the ALJ found that Mr. McKee meets the insured status requirements of the Social Security Act through March 31, 2008. (Tr. at 14.) He further determined that Mr. McKee has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's history of low back surgery and residual pain and discomfort are considered "severe" based on the requirements set forth in the regulations, but Mr. McKee's claimed mental impairment was not severe. (*Id.*) However, the ALJ found that the physical impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id.* at 16.) The ALJ did not find Mr. McKee's allegations to be totally credible, and he determined that he

has the residual functional capacity to perform a full range of sedentary to light work with no more than moderate pain. (*Id.*)

According to the ALJ, Mr. McKee is able to perform his past relevant work. (Tr. at 18.) The ALJ determined that Plaintiff's previous jobs are classified as "skilled" by the vocational expert. (*Id.*) Sales manager is classified as a sedentary occupation and automobile salesman is classified as light in exertional level (*Id.*) The ALJ found that Mr. McKee has the residual functional capacity to perform either one of these jobs as they are generally performed. (*Id.*) The ALJ concluded his findings by stating that Plaintiff "has not been under a 'disability,' as defined in the Social Security Act, from December 31, 2002 through the date of this decision." (*Id.*)

II.   Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court

approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id*. "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen,* 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards

is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Mr. McKee alleges that the ALJ's decision should be reversed and remanded because the ALJ failed to properly apply the Eleventh Circuit's three-part pain standard and/or did not properly credit or weigh the opinion evidence of the consultative examiner, Dr. Gulati. (Doc. 8.)

A.   Mr. McKee's Allegations of Pain.

Plaintiff asserts that the ALJ's evaluation of his subjective complaints of pain was not supported by substantial evidence. (Doc. 8.) Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged

pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection which is "not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id.* (internal quotations omitted).

In this case, the ALJ found that Mr. McKee's "medically determinable impairments could reasonably be expected to produce the alleged symptoms." (Tr. at 17.) However, the ALJ concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. at 17.) At the hearing, the Plaintiff claimed disability due to pain in his back, both hips and right leg. (*Id.*) He testified that the pain in his back had been replaced by other pain in his back, both hips and right leg, but stated the pain in his right leg was not as bad as it had been (*Id.*) He claimed the pain was a "10" on its worst day. (*Id.*) The ALJ found that the Plaintiff had a status post laminectomy and fusion, but that the treatment records nevertheless indicated he reported at times after his surgery he had "good relief of pain with medication" and that he had "gotten his life back" and that "quality of life had improved." (*Id.*) Furthermore, the ALJ found that while the Plaintiff's professed reason for failing to go through with the hardware removal surgery was for financial reasons, the record indicated that the Plaintiff was insured through September 2004. (*Id.*) The ALJ noted that, if the Plaintiff had been experiencing disabling pain he would not have cancelled the elective

hardware removal. (*Id.*) Furthermore, the ALJ found that the Plaintiff failed to comply with the administration of two physical exams. (*Id.*) As to the first, the treating physician refused to see Plaintiff because he was noncompliant due to his purchasing pain medication over the internet. (*Id.*) It was discovered that, though the Plaintiff had requested additional pain medication because he claimed he lost his originally filled prescription, Mr. McKee was in fact purchasing these medications on-line. (*Id.*) The ALJ found that the Plaintiff walked out on the second scheduled examination. (*Id.*) Because the State agency requested more information to evaluate the Plaintiff's claims, and because the Plaintiff was uncooperative with these examinations, there was insufficient evidence to determine the severity of the Plaintiff's condition. (Tr. at 18.) Furthermore, the ALJ did consider the consultative opinion of Dr. Gulati, and noted that, though his PMSO was based on the Plaintiff's perceptions, even if the opinion was found to be true, Dr. Gulati found restrictions reduced the Plaintiff to a range of light exertion, which would not preclude the full range of sedentary work. (*Id.*)

    This Court finds that the ALJ applied the proper three-part pain standard articulated in *Holt*. The ALJ expressly concluded that Plaintiff

suffers from a medically determinable condition and that this condition could reasonably be expected to produce the alleged symptoms. However, the ALJ found the Plaintiff's subjective allegations not credible. After reviewing the record, this Court finds that the ALJ expressly articulated its reasoning in finding the allegations not credible and that there is substantial evidence to support the ALJ's conclusion.

The ALJ noted that the Plaintiff reported, despite his claims of leg and hip pain, that he had "good relief from pain" and that his quality of life had improved. (Tr. at 17.) Furthermore, the ALJ found that even though the Plaintiff had insurance coverage, he claimed he did not have the financial wherewithal to proceed with the surgery. *Id.* The ALJ found these inconsistencies in the record militated against a finding of creditable disabling pain. *Id.* Such inconsistencies may properly be considered by the ALJ when evaluating credibility. *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1338 (M.D. Ala. 2001) ("[T]he ALJ is entitled to consider inconsistencies between a claimant's testimony and the evidence of the record.") (citing *Wolfe v. Chandler*, 86 F.3d 1072, 1079 (11th Cir. 1996) *and Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). Furthermore, the ALJ found the

Plaintiff "failed to cooperate in the administration [efforts] to establish ongoing disability" through consultative examinations. (Tr. at 17.) The Plaintiff was initially discharged as noncompliant, without an examination, by his treating physician because Mr. McKee had illicitly sought pain medication on the internet after reporting his original prescription had been lost. *Id*. The Plaintiff subsequently walked out on a second consultative examination. *Id*. While the Eleventh Circuit has not expressly considered noncompliance with consultative examinations as evidence to be weighed in a credibility determination, other Circuits agree that noncompliance with examinations may be properly considered when evaluating credibility. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Brown v. Barnhart*, 40 Fed. Appx. 317, 319 (8th Cir. 2002). Similarly, other Circuits have found that the misuse of medication or "drug-seeking" behavior is a valid factor in credibility determinations. *See, e.g.*, *Anderson v. Barnhart*, 344 F.3d 809, 815 (8th Cir. 2003). There is substantial evidence supporting the ALJ's finding the Plaintiff's subjective testimony was not credible.

    B.    Consultative Examiner's Opinion.

Plaintiff also argues that the ALJ failed to properly credit the opinion of Dr. Perm Gulati. However, this Court finds that the ALJ did consider Dr. Gulati's opinion evidence and accorded it the proper weight. Dr. Gulati conducted a consultative examination, and his opinion was that, without rehabilitation, Mr. Mckee could not perform "prolonged standing or sitting types of jobs." (Tr. at 166.) However, as the ALJ noted, this opinion is based on the Plaintiff's subjective report of what activities he could and could not perform. (*Id.*) Because the opinion of disability is based on the subject's own perceptions, it is not sufficiently supported by clinical evidence. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (opinions not based on clinical evidence are properly discounted). Furthermore, because it is the result of a one-time consultative examination, Dr. Gulati's opinion is not entitled to the substantial deference of a treating physician's opinion. *Id.* (citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986).

It appears to this Court that the ALJ specifically addressed Plaintiff's allegations of pain in his opinion and that he provided explicit and reasonable reasons for rejecting Plaintiff's subjective testimony. Furthermore, contrary to Mr. McKee's assertion, the ALJ gave proper weight and consideration to

the consultative examination opinion. The objective medical and other evidence supports the ALJ's conclusion that Plaintiff's condition did not cause disabling limitations and instead shows that he could perform a range of sedentary work to light work. (Tr. at 18.)

IV. Conclusion.

Upon review of the administrative record, and considering all of Mr. McKee's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 19th day of September 2008.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671